THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW JOSEPH DICKS, #336-138, :

    Petitioner, :

v. : CIVIL ACTION NO. GLR-17-3667

WARDEN LAURA ARMSTEAD, et al., :

    Respondents. :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Andrew Joseph Dicks' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2018). (ECF No. 1). The Petition is now ripe. Having reviewed the Petition and the Respondents' Opposition, the Court also finds no need for an evidentiary hearing. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2). For the reasons set forth below, the Court will dismiss the Petition as time-barred and decline to issue a Certificate of Appealability.

**I.    BACKGROUND**

On May 1, 2006, Dicks pleaded guilty in the Circuit Court for Baltimore County to five counts of armed robbery and one count of robbery. (Pet. Writ Habeas Corpus ["Pet."] Ex. G at 2, ECF No. 1-9). That same day, the Circuit Court sentenced Dicks to a total of forty years in prison. (Id. 24–25). Dicks did not file an application for leave to appeal the judgment, which became final on May 31, 2006. See Md. Rule 8-204(b)(2)(A) (requiring application for leave to appeal to be filed within thirty days of judgment from which appeal is sought). Dicks filed a motion for modification or reduction of sentence on July 10, 2006,

and again on February 16, 2011 (Resp'ts' Limited Answer Ex. 1, ["State Court Docket"] at 11–12, ECF No. 7-1). The Circuit Court denied them on April 6, 2011. (State Court Docket at 12).

On October 25, 2015, Dicks filed a state petition for post-conviction relief in the Circuit Court for Baltimore County. (Id. at 13; Pet. Ex. A, ECF No. 1-3).[1] After holding a hearing on January 18 and 19, 2017, the Circuit Court denied post-conviction relief in a Memorandum and Order issued on February 16, 2017. (Pet. Ex. B, ECF No. 1-4). The Court of Special Appeals of Maryland summarily denied Dicks' application for leave to appeal the denial of post-conviction relief on July 12, 2017. (Pet. Exs. C, F, ECF Nos. 1-5, 1-8).

Dicks signed his Petition on October 23, 2017, and the Clerk of this Court received it for filing on December 11, 2017. (Pet., ECF No. 1). In the Petition, Dicks asserts that (1) he recently discovered evidence that the police tampered with his Miranda[2] forms;[3] (2) his

---

[1] On April 26, 2016, Dicks, represented by counsel, amended his pro se Petition. (State Court Docket at 13; Pet. Ex. A at 11–29).

[2] In Miranda v. Arizona, 384 U.S. 436 (1966), the U.S. Supreme Court established safeguards to protect the exercise of Fifth Amendment privilege from inherently coercive effects of custodial interrogation. Suspects interrogated in custody must be informed that they have the rights to remain silent and to private or appointed counsel, and that their statements can be used against them.

[3] After his arrest, police from different jurisdictions—Anne Arundel, Baltimore and Howard Counties, as well as Baltimore City—interrogated Dicks. He asserts the police officers placed a copy of the same Miranda form in various files and forged his advisement of rights. (See Dicks v. Armstead, No. GLR-17-793 (D.Md.), Pet. at 6, ECF No. 1). This Miranda form, apparently used by the officers in all four jurisdictions, is the focus of Dicks' claim under Brady v. Maryland, 373 U.S. 83 (1963).

2

guilty plea was involuntary; (3) plea counsel was ineffective for failing to, (a) prepare for trial and, (b) properly advise him of his trial and appellate rights. (Pet. at 4).

On December 18, 2017, the Court ordered Respondents to answer the Petition. (ECF No. 2). On February 26, 2018, Respondents filed a Limited Answer. (ECF No. 7). On April 25, 2018, Dicks filed what will be construed as a Reply. (ECF No. 10).

## II. DISCUSSION

**A.  Dicks' Petition**

Respondents contend that Dicks' Petition is time-barred. Dicks contends his attempts for nine years to get transcripts from his case delayed the filing of his state post-conviction petition. He argues that any delay in seeking state post-conviction relief cannot be imputed against him based on a claim that could not have been discovered earlier, citing Brady v. Maryland.[4] He also notes that his state post-conviction proceedings lasted until July 12, 2017 and argues that since his federal Petition, signed October 23, 2017, was filed less than a year later, it was therefore timely under § 2244(d)(2). The Court agrees with Respondents.

A prisoner seeking a writ of habeas corpus from a federal court must comply with a one-year period of limitation. See 28 U.S.C. § 2244(d)(1); Wall v. Kholi, 562 U.S. 545, 549 (2011). When the limitation period begins depends on the grounds for the prisoner's petition. Specifically, the limitation period begins from the latest of:

---

[4] In Brady, the U.S. Supreme Court held that exculpatory evidence must be provided to the defense prior to trial. 373 U.S. at 87.

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) contains a tolling provision that accounts for post-conviction proceedings: "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The United States Court of Appeals for the Fourth Circuit has held that the one-year period within which a federal habeas petition must be filed begins at the conclusion of direct review of the judgment of conviction; pauses during the pendency of any and all state-court post-conviction proceedings; and then, upon final disposition of those state post-conviction proceedings, the running of the § 2244(d) one-year period resumes. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

The one-year period may also be subject to equitable tolling. See Id. at 329–30. To be entitled to equitable tolling, a petitioner must establish either that some wrongful

4

conduct by the State contributed to the delay in filing his federal habeas petition, or that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing on time. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330; see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (stating that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way").

Dicks does not clearly state on which part of § 2244(d)(1) he relies to determine his Petition's operative date, but it is untimely regardless. Sections 2244(d)(2)(C) and (D) are not relevant here.[5] The Court will address the application of §§ 2244(d)(1)(A) and (B) to the Petition in turn.

Under § 2244(d)(1)(A), Dicks filed his Petition more than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." His judgment became final on May 31, 2006, when the thirty-day period to appeal his May 1, 2006 guilty plea and sentencing expired. His

---

[5] Dicks does not cite a right newly recognized by the U.S. Supreme Court as contemplated by § 2244(d)(1)(C). Section 2244(d)(1)(D) is also unavailing because "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" would necessarily be earlier than the date Dicks actually discovered the Miranda form he alleges is a Brady violation. The Court addresses the effect of that "discovery" under § 2244(d)(1)(B) below.

Motion for Reconsideration, filed July 10, 2006, arguably tolled the limitations period[6] until the state court denied it along with a subsequent motion for reconsideration of sentence on April 6, 2011. More than a year passed, and Dicks did not file his federal habeas petition or anything that would continue to toll the one-year period. Dicks did not file for state post-conviction review until October 25, 2015, a delay that doomed the timeliness of the Petition he eventually filed under § 2244(d)(1)(A).

Dicks makes arguments that appear to rely on § 2244(d)(1)(B) for his Petition's operative date, but that theory also fails. Dicks' guilty plea stemmed in part from confessions he provided to the police, which he now claims are tainted because the police "tampered" with his Miranda forms.[7] According to his Petition, Dicks, while preparing for post-conviction, discovered a copy of a Miranda form he now argues is a basis for habeas relief. (Pet. at 7–8). Therefore, Dicks contends, impliedly relying on § 2244(d)(1)(B), the § 2244(d)(1) one-year period should run from the unspecified time when he discovered this alleged Brady material. He then argues that his post-conviction proceedings, initiated on October 25, 2015, tolled that one-year limitation period until October 23, 2017.

---

[6] See Kholi, 562 U.S. at 550. The Fourth Circuit is considering in Mitchell v. Green, et al., No. 17-7450 (4th Cir. 2017), among other issues, whether a § 2254 petitioner is entitled under Kholi to statutory tolling of the limitations period during the time a motion for modification is pending in the Maryland state courts. For the purpose of this opinion, this Court extends Kholi as a basis for statutory tolling.

[7] After his arrest, Dicks was interrogated by police from different jurisdictions, including Anne Arundel, Baltimore and Howard Counties and Baltimore City. He claims a copy of the same Miranda form was placed in various files, and that his advisement of rights was forged. (Pet. at 6).

The flaw in Dicks' theory is that he averred in an earlier case that he found the alleged Brady material in 2013, which would mean that more than a year passed between that discovery and the beginning of his state post-conviction proceedings in 2015. In Dicks v. Armstead, et al., No. GLR-17-793 (D.Md.), Dicks specified that "while preparing for Post-Conviction" in 2013, he discovered a copy of a Miranda form he argued was a basis for habeas, (Pet. at 5, 12, ECF No. 1, No. GLR-17-793)—the same argument presented here. Therefore, relying on 2244(d)(1)(B), the beginning date of the 2244(d)(1) one-year period should be sometime in 2013 when Dicks "discovered" this alleged Brady material. The Court accepted Dicks' assertion as to the time of discovery of the Brady claim in No. GLR-17-793 and will take judicial notice[8] of that case here.

Therefore, the periods of time during which Dicks' state petition for post-conviction relief and related motions were pending, even if they would all serve to toll the one-year federal habeas limitation period, see Taylor v. Lee, 186 F.3d 557, 560–61 (4th Cir. 1999),

---

[8] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015); see Fed.R.Evid. 201(b)(2) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 466 (4th Cir. 2011); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In particular, pursuant to Fed. R. Evid. 201, a court may take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute," in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

are not relevant here because the one-year window had already closed by the time Dicks began his state post-conviction proceedings.

Further, Dicks has identified no wrongful conduct by the State that prevented him from timely filing his federal Petition. Assuming Dicks misunderstood the rules governing the limitation period, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (concluding that ignorance of the law is neither extraordinary nor a circumstance beyond the prisoner's control). Dicks has failed to provide a basis to warrant equitable tolling. His Petition was, therefore, filed more than a year after the operative § 2244(d)(1) date.

Accordingly, the Court will dismiss the Petition as time-barred.

**B.     Certificate of Appealability**

A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in habeas cases. R. Govern. § 2254 Cases U.S. Dist. Ct. 11(a). Because the accompanying Order is a final order adverse to the applicant, the Court must issue a certificate of appealability before an appeal can proceed. See 28 U.S.C. § 2253(c)(1) (2018).

A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds, the petitioner must

show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Id. at 478.

Here, the Court is dismissing Dicks' claims on procedural grounds. Because Dicks has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a certificate of appealability. See Buck v. Davis, 137 S.Ct. 759, 773 (2017). Dicks may still request that the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III. CONCLUSION

For the foregoing reasons, the Court will DISMISS the Petition for a Writ of Habeas Corpus and will DECLINE to issue a certificate of appealability. The Court will direct the Clerk to CLOSE the case. A separate Order shall issue.

Entered this 27th day of February, 2019.

                                                _____/s/_____
                                                George L. Russell, III
                                                United States District Judge