THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW JOSEPH DICKS, #336-138,  :

    Petitioner,  :

v.  :    Civil Action No. GLR-17-3667

WARDEN LAURA ARMSTEAD, et al.,  :

    Respondents.  :

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Andrew Joseph Dicks' unopposed Motion to Alter or Amend Judgment (ECF No. 15). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will grant the Motion and require Respondents to answer Dicks' Brady[1] claim on the merits.

### I. BACKGROUND

On February 27, 2019, the Court dismissed Dicks' Petition for Writ of Habeas Corpus (the "Petition") as time-barred and declined to issue a Certificate of Appealability.[2] (Feb. 27, 2019 Mem. Op. & Order, ECF Nos. 13, 14). In its Memorandum Opinion, the Court relied on the 2013 date Dicks received his Miranda[3] form in his Anne Arundel

---

[1] Brady v. Maryland, 373 U.S. 83, 87 (1963), requires the prosecution to provide the defendant exculpatory evidence prior to trial.

[2] The Court provided the factual background of this case in its February 27, 2019 Memorandum Opinion, (ECF No. 13). The Court repeats only facts necessary to resolve the pending Motion.

[3] In Miranda v. Arizona, 384 U.S. 436 (1966), the U.S. Supreme Court established safeguards to protect the exercise of the Fifth Amendment privilege against self-

County case, Dicks v. Armstead, et al., No. GLR-17-793 (D.Md. dismissed Feb. 27, 2019), in concluding that Dicks' Petition in this case is time-barred. (Feb. 27, 2019 Mem. Op. at 7). In that case, Dicks stated that "while preparing for Post-Conviction" in 2013, he discovered a copy of a Miranda form he argues is a basis for habeas relief in his Anne Arundel County case. (Id.). Therefore, relying on 28 U.S.C. § 2244(d)(1)(B), the Court found that the beginning date of the 2244(d)(1) one-year statute of limitations was some time in 2013 when Dicks initially discovered this alleged Brady material. (Id.). Dicks did not file his Petition in this case until October 23, 2017—well past the one-year statute of limitations. (Id.). As a result, the Court concluded that Dicks' Brady claim was time-barred. (Id. at 7–8). The Court also concluded that Dicks' other claims were time-barred under 28 U.S.C. § 2244(d)(1)(A). (Id. at 6). Thus, the Court dismissed the Petition as time-barred without examining Dicks' claims on the merits. (Id. at 8).

On March 19, 2019, Dicks filed his Motion to Alter or Amend Judgment. (ECF No. 15). To date, the Court has no record that Respondents filed an Opposition.

## II. DISCUSSION

A party may move for a new trial or to alter or amend a judgment under Federal Rule of Civil Procedure 59, or for relief from a final judgment under Rule 60. See Fed.R.Civ.P. 59(e) & 60(b). If a party files a motion to alter or amend within twenty-eight days of the judgment, the Court analyzes it under Rule 59(e). Bolden v. McCabe, Weisberg

---

incrimination from the inherently coercive effects of custodial interrogation. Miranda requires that individuals subject to custodial interrogation be informed that they have the right to remain silent, that any statement they make may be used against them, and that they have the right to have an attorney, private or appointed, present. Id. at 444.

& Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). If the motion is filed later, the Court reviews it under Rule 60(b). Id. Here, Dicks filed his Motion on March 19, 2019—twenty days after the Court entered its Order dismissing the Petition. Accordingly, Rule 59(e) controls the Court's analysis.

A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

In his Motion for Reconsideration, Dicks contends that the Court erred when it relied on the 2013 date that he discovered the Miranda form in his Anne Arundel County case. He asserts that while he had discovered the alleged Brady violation related to tampering with his Miranda form in his Anne Arundel County case in 2013, he did not know whether he had the same issue in his Baltimore County cases because he did not have

3

his discovery file in those cases.[4] Dicks maintains that he did not receive the discovery file for his Baltimore County cases, which contained the Miranda form that he argues provides a basis for habeas relief in this case, until January 28, 2015. In support of this assertion, Dicks cites to a letter from the Baltimore County District Public Defender, dated January 28, 2015, that he attached to his Response to Respondents' Limited Answer.[5] (Petr.'s Resp. Ex. 1 at 6, ECF No. 10-1). Dicks maintains that under 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations should run the date he discovered this alleged Brady material—January 28, 2015.[6] The Court agrees that it should not have relied on the 2013 date from

---

[4] Dicks further asserts that trial counsel could not have known about the tampering because the State did not provide the form to counsel at the time he negotiated his plea.

[5] Dicks also submits documents to support his contention that he exercised due diligence in attempting to discover the factual predicate of his Brady claim. These documents include: (1) a copy of April 3, 2013 correspondence from the Digital Recording Department of the Circuit Court for Baltimore County indicating Dicks should seek transcripts, police reports, states attorney files and other documents pertaining to his Baltimore County case from the Baltimore County State's Attorney and forwarding his request for a transcript of his guilty plea to a court reporter, (Mot. Alter Am. Ex. 1 at 1, ECF No. 15-1); (2) a January 6, 2014 letter from a court reporter notifying Dicks of the cost of his plea transcript, (id. at 16); and (3) an undated request for information under the Maryland Public Information Act requesting the statement of charges, police reports, witness reports, and incident reports presumably related to his Baltimore County convictions, (id. at 17–18).

[6] The Court notes that in Respondents' Limited Answer they did not address Dicks' claim that the police tampered with his Miranda forms. They only address the issue of whether Dicks "was properly advised of his Miranda rights at the time of his arrest," arguing that the factual predicate of Dicks' claim was known to him at the time of his interrogations, making his claim time-barred. (Resp'ts' Ltd. Ans. at 5, ECF No. 7). Although Dicks does assert that he was not properly advised of his Miranda rights, he also contends that police officers in the different jurisdictions tampered with his Miranda forms after his interrogations, and that he did not receive the form from his Baltimore County case until January 28, 2015.

Dicks' Anne Arundel County case. As a result, the Court will consider whether Dicks' Brady claim is time-barred under § 2244(d)(1)(D).

Section 2244(d)(1)(D) provides that the one-year limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time during which a properly filed state post-conviction petition is pending does not count towards the one-year limitations period. 28 U.S.C. § 2244(d)(2).

Here, Dicks discovered the factual predicate for his Brady claim related to alleged tampering with his Miranda forms on January 28, 2015.[7] On October 25, 2015, 270 days later, Dicks filed his post-conviction petition in state court, which tolled § 2244(d)(1)'s one-year statute of limitations. (Resp'ts' Ltd. Ans. Ex. 1, ["State Court Docket"] at 13, ECF No. 7-1). On February 16, 2017, the post-conviction court denied his petition. (Pet. Ex. B, ECF No. 1-4). Dicks appealed. (State Court Docket at 14). On July 12, 2017, the Court of Special Appeals denied Dicks' application for leave to appeal, (Pet. Exs. C, F, ECF Nos. 1-5, 1-8), and its mandate issued on August 11, 2017, (State Court Docket at 14). On October 23, 2017, Dicks filed the instant Petition[8]—seventy-three days after the

---

[7] The Court notes that under § 2244(d)(1)(D), the one-year statute of limitations runs from the date on which the factual predicate of the claim "could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D) (emphasis added), not the date of actual discovery. Based on Dicks' efforts to obtain his records detailed supra n.5, the Court assumes for the purposes of this Memorandum Opinion that the date on which Dicks could have discovered the factual predicate for his Brady claim—the Miranda form from his Baltimore County discovery file—is January 28, 2015.

[8] The Court did not receive Dicks' Petition until December 11, 2017. (Pet. at 1, ECF No. 1).

conclusion of his state post-conviction proceedings. Adding these seventy-three days to the 270 days between Dicks' discovery of the purported Brady material and the filing of his post-conviction petition in state court, 343 days elapsed, placing Dicks' Brady claim within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).[9]

Thus, the Court concludes that Dicks' Brady claim is not time-barred. Accordingly, the Court will grant Dicks' Motion, amend its February 27, 2019 Order to the extent that it dismissed Dicks' Brady claim as time-barred, and require Respondents to answer Dicks' Brady claim on the merits.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Dicks' Motion to Alter or Amend Judgment (ECF No. 15) and direct Respondents to file an answer to the Petition that responds only to Dicks' Brady claim within sixty days of the date of this Order. Dicks may file a Response within thirty days after Respondents file their Answer. A separate Order follows.

Entered this 26th day of June, 2019.

/s/
_____
George L. Russell, III
United States District Judge

---

[9] As of the signature date, Dicks had twenty-two days remaining on the one-year limitations period.