IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDREW JOSEPH DICKS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-17-3667 |
| WARDEN[1] FRANK BISHOP, et al., | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Andrew Joseph Dicks' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2018). (ECF No. 1). After previously dismissing the Petition as time-barred, the Court re-opened the case for the limited purpose of considering Dicks' <u>Brady</u>[2] claim. (ECF Nos. 21, 22). Having reviewed the Petition and supplemental briefings, the Court finds no need for an evidentiary hearing. <u>See</u> R. Govern. § 2254 Cases U.S. Dist. Cts. 8(a) (2010); 28 U.S.C. § 2254(e)(2). For the reasons set forth below, the Court will dismiss Dicks' <u>Brady</u> claim and decline to issue a Certificate of Appealability.

---

[1] On October 21, 2019, Dicks notified the Court that he had been transferred to the North Branch Correctional Institution ("NBCI"). (Notice of Change of Address, ECF No. 30). Accordingly, NBCI Warden Frank Bishop should be substituted for Laura Armstead as a respondent. R. Govern. § 2254 Cases U.S. Dist. Cts. 2(a) (2010) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); <u>see also</u> Fed.R.Civ.P. 25(d) (providing automatic substitution for public officers).

[2] <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), requires the prosecution to provide the defendant favorable, material evidence within its possession prior to trial.

## I. BACKGROUND

In his Petition, Dicks raised several grounds for habeas relief, including a claim that he recently discovered evidence that the State should have disclosed under Brady v. Maryland.[3] (Pet. Writ Habeas Corpus ["Pet."] at 4, ECF No. 1). Dicks' Brady claim arises from events that took place subsequent to his arrest on June 10, 2005, when police officers from multiple jurisdictions interrogated Dicks. Anne Arundel County officers initially arrested Dicks for attempted robbery of a McDonald's in Anne Arundel County. (Pet. Ex. J ["Balt. Cty. Police Rep."] at 1, ECF No. 1-12). According to the police report, the Anne Arundel County officers then informed Baltimore County detectives that Dicks was in custody, as he was a suspect in several Baltimore County robberies. (Id.). Two Baltimore County detectives went to the Anne Arundel station to interview Dicks. (Id.). When they arrived, Baltimore City detectives were already questioning Dicks. (Id.). Detective Tribull, an Anne Arundel County officer, informed the Baltimore County detectives that he had read Dicks his rights and obtained Dicks' initials on a Miranda[4] waiver form. (Id.). Before questioning Dicks, the Baltimore County detectives showed Dicks the signed waiver form and "asked him if he still understood his rights." (Id.). The police report states that Dicks affirmed his understanding. (Id.). Dicks contests this version of events, maintaining that

---

[3] The Court provides factual background of this case in both its February 27, 2019 and June 26, 2019 Memorandum Opinions. (ECF Nos. 13, 21). The Court repeats only facts necessary to resolve the remaining claim.

[4] In Miranda v. Arizona, 384 U.S. 436, 444–45 (1966), the U.S. Supreme Court established safeguards to protect the exercise of the Fifth Amendment privilege from the inherently coercive effects of custodial interrogation. Suspects interrogated in custody must be informed that they have the rights to remain silent and to private or appointed counsel, and that their statements can be used against them.

neither the Anne Arundel officers nor the Baltimore County officers read him his Miranda rights. (Pet. at 8).

Dicks ultimately pleaded guilty to five counts of armed robbery and one count of robbery in the Circuit Court for Baltimore County on May 1, 2006. (Pet. Ex. G ["Plea & Sentencing Tr."] at 2, ECF No. 1-9). Several years after entering his plea, Dicks received discovery files from Anne Arundel County, Baltimore City, and Baltimore County, including copies of Dicks' Miranda waiver form. (See Pet. at 7). In his Petition, Dicks notes several "inconsistencies" between the Baltimore City and Baltimore County copies of the Miranda waiver, which are photocopies of the original Anne Arundel County form. (Id. at 7–9; see also Pet. Ex. H ["Balt. City Miranda Form"], ECF No. 1-10; Pet. Ex. I ["Balt. County Miranda Form"], ECF No. 1-11). Dicks asserts that, based on the discrepancies between the two forms, he can prove the police "illegally forged and altered the form." (Pet. at 9). Dicks contends he would have used the forms to challenge the validity of his Miranda waiver, the voluntariness of his confession, and "to attack the credibility of the investigating officers," instead of pleading guilty. (Id. at 9–10). Accordingly, Dicks asserts that the State's failure to provide him copies of the forms prior to his guilty plea amounts to an unlawful suppression of evidence in violation of Brady. (Id. at 9).

Dicks raised this Brady argument in his state petition for post-conviction relief in the Circuit Court for Baltimore County. (Pet. Ex. A ["State Post-Convict. Pet."] at 2–5, ECF No. 1-3). On February 16, 2017, after a hearing on the matter, the Circuit Court denied Dicks' petition. (Pet. Ex. B ["State Cir. Ct. Decision"], ECF No. 1-4). With respect to the alleged Brady violation, the Circuit Court rejected the claim on the merits, finding Dicks

3

had not established a violation under the three-prong test dictated in Brady. (Id. at 3–6). On March 12, 2017, Dicks filed for leave to appeal the Circuit Court's denial of post-conviction relief. (Pet. Ex. C ["State Pet. Leave to Appeal"], ECF No. 1-5). On July 12, 2017, the Maryland Court of Special Appeals summarily denied Dicks' application for leave to appeal the denial of post-conviction relief. (Pet. Ex. F ["Md.Ct.Spec.App. Op. Den. Appeal Pet."], ECF No. 1-8).

Dicks filed his federal habeas Petition on December 11, 2017. (ECF No. 1). On February 27, 2019, this Court issued a Memorandum Opinion and Order dismissing Dicks' entire federal habeas Petition as time-barred. (ECF Nos. 13, 14). In its analysis, the Court reasoned that Dicks failed to bring his Brady claim within the applicable statute of limitations, relying on the 2013 date Dicks received the Miranda form in his Anne Arundel County case. (Feb. 27, 2019 Mem. Op. at 7, ECF No. 13). On March 19, 2019, Dicks moved for reconsideration of that ruling. (ECF No. 15). Dicks argued that the statute of limitations did not begin to run until January 28, 2015, the date on which he received the Baltimore County discovery file and had the opportunity to compare the Miranda forms. (Pet'r's Mot. Alter or Amend J. ["Mot. Reconsider."] at 5, ECF No. 15). The Court agreed and found that Dicks' Brady claim was not time-barred. (June 26, 2019 Mem. Op. at 6, ECF No. 21). Accordingly, the Court re-opened the case to allow briefing on the merits of the Brady claim. (Id.). On August 26, 2019, Respondents filed a Supplemental Answer to Dicks' Petition. (ECF No. 26). On September 16, 2019, Dicks filed a Reply. (ECF No. 27).

4

## II. DISCUSSION

In their Supplemental Answer, Respondents raise both procedural and substantive challenges to Dicks' Brady claim. As a preliminary matter, Respondents contend that Dicks' guilty plea bars his challenge to an alleged pre-plea Brady violation and, in any event, Brady does not apply to pre-plea disclosure of impeachment evidence. Alternatively, Respondents argue that Dicks' Brady claim fails on the merits under the deferential standard of federal habeas review because the state court's denial of Dicks' post-conviction Brady claim was factually and legally reasonable. The Court addresses these arguments in turn.

### A. **Procedural Challenges**

Respondents assert that, by entering a guilty plea, Dicks "waive[d] all non[-]jurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010), as amended (Feb. 9, 2010) (citation omitted). As such, Respondents argue Dicks is precluded from raising a Brady claim related to the withholding of evidence prior to his guilty plea.

The Supreme Court has held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Generally, a criminal defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Rather, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989); see also Hill v. Lockhart, 474 U.S. 52, 56 (1985) (citation omitted) ("The

longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

While this rule bars most non-jurisdictional challenges to a conviction based upon a guilty plea, some courts have recognized an exception for Brady claims. Under this exception, several federal circuit courts have allowed a defendant to argue that a "guilty plea was not voluntary and intelligent because it was made in the absence of withheld Brady material." Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995) (citing White v. United States, 858 F.2d 416, 422 (8th Cir. 1988), cert. denied, 489 U.S. 1029 (1989); Miller v. Angliker, 848 F.2d 1312, 1319–20 (2d Cir.), cert. denied, 488 U.S. 890 (1988); Campbell v. Marshall, 769 F.2d 314, 321 (6th Cir. 1985), cert. denied, 475 U.S. 1048 (1986)). Thus, this exception would, in theory, permit Dicks to challenge the validity of his guilty plea through his Brady claim.

Respondents note, however, that even if such an exception is recognized, Dicks' Brady claim must fail because Brady does not apply to pre-plea disclosure of impeachment evidence. To fall within the scope of Brady, evidence must be favorable to the defense, either because it is exculpatory or impeaching. Strickler v. Greene, 527 U.S. 263, 281–82 (1999). The Supreme Court held in United States v. Ruiz, 536 U.S. 622 (2002), "that the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." Id. at 633. The Court explained that "impeachment information is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary." Id. at 629. As a result, the Court found the due

6

process considerations underpinning Brady are diminished when a defendant enters a plea. Id. at 631.

It is unsettled, however, whether there exists a Brady right to pre-plea disclosure of exculpatory evidence. The Supreme Court has not addressed "whether the Brady right to exculpatory information, in contrast to impeachment information, might be extended to the guilty plea context." Moussaoui, 591 F.3d at 286. Likewise, the United States Circuit Court for the Fourth Circuit has not determined whether pre-plea withholding of exculpatory Brady material is a cognizable claim in federal habeas review. See United States v. Fisher, 711 F.3d 460, 469 (4th Cir. 2013) (declining to resolve Brady claim, where § 2255 petition by federal defendant could be resolved on other grounds); Moussaoui, 591 F.3d at 285–86 (declining to resolve whether pre-plea Brady claim was cognizable but noting that "[w]hen a defendant pleads guilty, th[e] concerns [animating Brady] are almost completely eliminated because his guilt is admitted"). Thus, it is an open question whether the "prosecution's failure to disclose material exculpatory evidence at the plea stage could result in an unknowing plea in certain narrow circumstances." Moussaoui, 591 F.3d at 286.

At bottom, whether Dicks may seek federal habeas relief for a pre-plea Brady violation based on the prosecution's alleged failure to disclose exculpatory evidence is an open question of law. The Court need not resolve this question here, however, as the Court finds that Dicks' Brady claim fails on the merits.

7

**B. Substantive Challenge**

Respondents argue that Dicks' claim must be dismissed under the deferential standard of review mandated by 28 U.S.C. § 2254 because the state post-conviction court rejected the same claim on a reasonable factual basis that was consistent with clearly established Supreme Court case law. The Court agrees.

A federal district court may only grant a habeas petition for a person who is in custody pursuant to the judgment of a state court if the state court decision violates the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under the first prong, a state court adjudication is "contrary to" clearly established federal law under § 2254(d)(1) where the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000). As for the "unreasonable application" analysis, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). In other words, "a federal

habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams, 529 U.S. at 411). Rather, "that application must be 'objectively reasonable.'" Id. (quoting Williams, 529 U.S. at 409).

Under the second prong of § 2254(d), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). Indeed, "even if '[r]easonable minds reviewing the record might disagree' about the finding in question," that does not suffice for a federal court to conclude that the state court decision was based on an unreasonable determination of the facts. Id. (alteration in original) (quoting Rice v. Collins, 546 U.S. 333, 341–42 (2006)). Further, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Dicks' state post-conviction petition argued that the State violated Brady when it failed to disclose the waiver-of-rights forms because the discrepancies between the forms undermine the State's position that Dicks' confession was voluntary. To evaluate Dicks' Brady claim, the state post-conviction court applied the standard set forth in Ware v. State,

9

702 A.2d 699, 708 (Md. 1997), which requires a showing "(1) that the prosecutor suppressed or withheld evidence that is (2) favorable to the defense—either because it is exculpatory, provides a basis for mitigation of sentence, or because it provides grounds for impeaching a witness—and (3) that the suppressed evidence is material." (State Cir. Ct. Decision at 3–4). The state court ultimately rejected Dicks' Brady claim on the merits, finding that Dicks failed to prove that the Miranda forms were either favorable to the defense or material. (State Cir. Ct. Decision at 3–6).

The state court first considered Dicks' contention that the Miranda waiver forms were favorable to the defense because the discrepancies between the forms provided grounds to impeach the detectives and comparing the documents would help prove that Dicks' signature and initials on the forms were forged. (State Cir. Ct. Decision at 4). The state post-conviction court disagreed, finding that Dicks presented no evidence showing that the signature and initials were forged and that the differences in the forms did not undermine the conclusion that Dicks' confession was voluntary. (Id.). Further, the state court noted that there could be a "reasonable explanation for why the waiver forms differ." (Id.).

The state court also rejected Dicks' argument that the Miranda forms were material because access to the forms would have led him to move to suppress the statements he gave to the detectives rather than pleading guilty. (Id. at 5). The state court specifically noted the discrepancies were not "of such a nature that it would lead the motions Court to believe that the Petitioner had not been advised of his Miranda rights." (Id.). As such, the court concluded that the disclosure of the forms would not have influenced Dicks to choose a

different course of action, nor would it have ultimately led to the suppression of the statements. (Id. at 5–6).

Having reviewed the record and the state post-conviction court's ruling, the Court concludes that the state court's decision rested on a reasonable factual basis and was consistent with clearly established Supreme Court precedent. First, the state court reasonably concluded that the discrepancies between the forms did not tend to show that Dicks' signature and initials were forged or that Dicks' confession was somehow involuntary. Dicks failed to present any evidence of forgery aside from his own testimony, the forms contained exact copies of Dicks' signature and initials, and a reasonable explanation for the differences between the forms existed. (State Cir. Ct. Decision at 4). Indeed, the forms appear to be near identical copies with certain jurisdictional information added—for example, the Baltimore County waiver form includes two additional pages of questions and answers regarding robberies in that county. (Compare Balt. City Miranda Form at 1–3, with Balt. County Miranda Form at 3–4). Additionally, because it was reasonable for the state court to conclude that the differences between the forms were not relevant to the voluntariness of Dicks' confession, the court's holding that the Miranda forms were neither favorable to the defense nor material did not "arrive[] at a conclusion opposite to that reached by [the Supreme] Court on a question of law." See Williams, 529 U.S. at 405. As such, the state post-conviction court's ruling is entitled to deference under 28 U.S.C. § 2254.

Here, the Brady claim presented in Dicks' federal habeas petition is virtually identical to the claim Dicks unsuccessfully raised in his state post-conviction petition. As

11

such, the state court's ruling that failure to disclose the Miranda forms did not amount to a Brady violation is sufficient to resolve Dicks' claim before this Court. Accordingly, the Court will dismiss Dicks' Brady claim.

**C.** **Certificate of Appealability**

A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in habeas cases. R. Govern. § 2254 Cases U.S. Dist. Cts. 11(a). Because the accompanying Order is a final order adverse to the applicant, the Court must issue a certificate of appealability before an appeal can proceed. See 28 U.S.C. § 2253(c)(1) (2018).

A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Id. at 478. Because Dicks fails to satisfy these standards, the Court declines to issue a certificate of appealability. Dicks may request that the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003).

## III. CONCLUSION

For the foregoing reasons, the remaining claim in Dicks' Petition for a Writ of Habeas Corpus is DISMISSED and the Court will DECLINE to issue a certificate of appealability. A separate Order follows.

Entered this 17th day of December, 2019.

/s/
George L. Russell, III
United States District Judge